## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

BROADCAST MUSIC, INC.;
MJ PUBLISHING TRUST d/b/a MIJAC
MUSIC; EMI CONSORTIUM SONGS INC.
d/b/a EMI LONGITUDE MUSIC; RONDOR
MUSIC INTERNATIONAL, INC. d/b/a
IRVING MUSIC; ZOMBIES ATE MY
PUBLISHING; FORTHEFALLEN
PUBLISHING; RESERVOIR MEDIA
MANGEMENT INC. d/b/a RESERVOIR 416
a/k/a RESORVOIR ONE AMERICA,

                  Plaintiffs,

    v.

REVERB LLC d/b/a SHAMROCK; and
BRIAN MURPHY COLVAY, individually,

                  Defendants.

CIVIL ACTION NO.: 18-cv-13777

**COMPLAINT**

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1.      This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

<u>THE PARTIES</u>

3.      Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of Delaware.  BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007.  BMI has been granted the right to license the public performance rights in nearly 13 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4.      The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit.  All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5.      Plaintiff MJ Publishing Trust is a trust doing business as Mijac Music.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

6.      Plaintiff EMI Consortium Songs Inc. is a corporation doing business as EMI Longitude.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

7.      Plaintiff Rondor Music International, Inc. is a corporation doing business as Irving Music.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

8.      Plaintiff Zombies Ate My Publishing is a partnership owned by Amy Lee and Ben Moody.  This plaintiff is a copyright owner of at least one of the songs in this matter.

9.      Plaintiff Forthefallen Publishing is a sole proprietorship owned by David Hodges. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10.      Plaintiff Reservoir Media Management Inc. is a corporation doing business as Reservoir 416 a/k/a Reservoir One America.  This Plaintiff is a copyright owner of at least one of the songs in this matter.

2

11.     Defendant Reverb LLC is a limited liability company organized and existing under the laws of the state of Louisiana, which operates, maintains and controls an establishment known as Shamrock, located at 4133 S Carrollton Ave, New Orleans, Louisiana 70119, in this district (the "Establishment").

12.     In connection with the operation of the Establishment, Defendant Reverb LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

13.     Defendant Reverb LLC has a direct financial interest in the Establishment.

14.     Defendant Brian Murphy Colvay is a member of Defendant Reverb LLC with responsibility for the operation and management of that limited liability company and the Establishment.

15.     Defendant Brian Murphy Colvay has the right and ability to supervise the activities of Defendant Reverb LLC and a direct financial interest in that limited liability company and the Establishment.

<u>CLAIMS OF COPYRIGHT INFRINGEMENT</u>

16.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 15.

17.     Since June 2016, BMI has reached out to Defendants over fifty (50) times, by phone, mail, and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire.  Included in the letters were Cease and Desist Notices,

providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

18.     Plaintiffs allege five (5) claims of willful copyright infringement, based upon Defendants unauthorized public performance of musical compositions from the BMI Repertoire.  All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

19.     Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the five (5) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

20.     For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

21.     For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects

with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

22.     For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2.  For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

23.     For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so.  Thus, Defendants have committed copyright infringement.

24.     The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage.   By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement.  Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I)     Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II)   Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III)   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV)   Plaintiffs have such other and further relief as is just and equitable.

Respectfully submitted,

Dated: December 14, 2018          By:     /s/ Mark A. Balkin
                                                Mark A. Balkin (LA Bar # 24952)
                                                Joseph C. Chautin, III (LA Bar # 24995)
                                                **Hardy, Carey, Chautin & Balkin, LLP**
                                                1080 West Causeway Approach
                                                Mandeville, LA 70471
                                                Tel: (985) 629-0777
                                                Fax: (985) 629-0778
                                                mbalkin@hardycarey.com

                                                *Attorneys for Plaintiffs*

4826-4853-5682, v. 1

6

# *Schedule*

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Beat It |
| Line 3 | Writer(s) | Michael Joe Jackson |
| Line 4 | Publisher Plaintiff(s) | MJ Publishing Trust d/b/a Mijac Music |
| Line 5 | Date(s) of Registration | 11/16/82        12/27/82 |
| Line 6 | Registration No(s). | PAu 456-334      PA 158-771 |
| Line 7 | Date(s) of Infringement | 12/10/17 |
| Line 8 | Place of Infringement | Shamrock |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Boogie Shoes |
| Line 3 | Writer(s) | Harry Wayne Casey a/k/a H.W. Casey |
| Line 4 | Publisher Plaintiff(s) | EMI Consortium Songs Inc. d/b/a EMI Longitude Music |
| Line 5 | Date(s) of Registration | 8/18/75    3/27/78 |
| Line 6 | Registration No(s). | Eu 606202   PA 10-277 |
| Line 7 | Date(s) of Infringement | 12/9/17            12/10/17 |
| Line 8 | Place of Infringement | Shamrock |

---

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 3 | |
| Line 2 | Musical Composition | Hard To Handle | |
| Line 3 | Writer(s) | Alvertis Isbell; Allen Jones; Otis Redding | |
| Line 4 | Publisher Plaintiff(s) | Rondor Music International, Inc. d/b/a Irving Music | |
| Line 5 | Date(s) of Registration | 6/13/68 | 12/13/68 |
| Line 6 | Registration No(s). | Eu 58360 | Ep 254414 |
| Line 7 | Date(s) of Infringement | 12/10/17 | |
| Line 8 | Place of Infringement | Shamrock | |

---

| | | | |
|---|---|---|---|
| Line 1 | Claim No. | 4 | |
| Line 2 | Musical Composition | Way You Make Me Feel a/k/a The Way You Make Me Feel | |
| Line 3 | Writer(s) | Michael Jackson | |
| Line 4 | Publisher Plaintiff(s) | MJ Publishing Trust d/b/a Mijac Music | |
| Line 5 | Date(s) of Registration | 6/23/87 | |
| Line 6 | Registration No(s). | PAu 994-389 | |
| Line 7 | Date(s) of Infringement | 12/9/17 | 12/10/17 |
| Line 8 | Place of Infringement | Shamrock | |

---

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Bring Me To Life |
| Line 3 | Writer(s) | Amy Lee; Ben Moody; David Hodges |
| Line 4 | Publisher Plaintiff(s) | Amy Lee and Ben Moody, a partnership d/b/a Zombies Ate My Publishing; David Hodges, an individual d/b/a Forthefallen Publishing; Reservoir Media Management Inc. d/b/a Reservoir 416 a/k/a Reservoir One America |
| Line 5 | Date(s) of Registration | 5/7/03 |
| Line 6 | Registration No(s). | PA 1-152-549 |
| Line 7 | Date(s) of Infringement | 12/9/17 |
| Line 8 | Place of Infringement | Shamrock |